IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*<br>**v.**<br>**JAHKEEM MOORE,**<br>*Defendant* | Case No. 2:21-cr-00196-JDW |

### MEMORANDUM

Jahkeem Moore wrote to the Clerk of Court to ask whether Amendment 821 of the Sentencing Guidelines entitles him to a reduced sentence, and the Clerk's Office has treated that letter as a Motion. The amendment doesn't apply to him, so he is ineligible for relief.

**I.    BACKGROUND**

In 2021, I sentenced Mr. Moore to 97 months' imprisonment for two counts of possession of fentanyl with intent to distribute, possession of firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime. At the time of sentencing, the Probation Department calculated that Mr. Moore received three criminal history points for his two prior drug trafficking offenses and no "status points" under U.S.S.G. § 4A1. The Government and Mr. Moore agreed.

On November 1, 2023, Amendment 821 of the United States Sentencing Guidleines took effect, allowing sentence reductions for some federal inmates. On April

25, 2024, Mr. Moore wrote the Court requesting clarification about this amendment and, if it applied to him, counsel to proceed pursuant to 18 U.S.C. § 3582(c)(2). The Government replied that Amendment 821 does not apply to Mr. Moore and requested that I deny relief.

## II.     LEGAL STANDARD

Judges may reduce a defendant's sentence if the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether an amendment warrants such a retroactive reduction, judges first consider whether the reduction is consistent with "applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* When judges find the reduction is consistent with relevant policy statements, they consider the factors in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). If a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range" then a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10.

## III.    DISCUSSION

Amendment 821 does not lower Mr. Moore's guideline range. Part A of Amendment 821 applies to defendants with seven or more criminal history points under subsections (a) through (d) of U.S.S.G. § 4A1 and who "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release[ ] or escape status." U.S.S.G. § 4A1.1(e). The change reduces the total number of additional "status points" a defendant with these qualifications receives. *Id.* Part B of the amendment applies to "Zero-Point Offenders," or defendants who received no criminal history points under section 4A1. *Id.* Neither part of the Amendment applies to Mr. Moore because he had more than zero criminal history points but fewer than seven. There is therefore no basis for me to reduce Mr. Moore's sentence.

## IV.   CONCLUSION

Amendment 821 doesn't apply to Mr. More, so I will deny his Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 25, 2024